IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRENE ROYBAL,

      Plaintiff,

  vs.                        No. CIV 98-0760 JC/LFG

EDUCATIONAL RETIREMENT BOARD
of the STATE OF NEW MEXICO, and
DANNY JOE LYLE, Director of the
EDUCATIONAL RETIREMENT BOARD, in his
official and individual capacities, and
RICHARD A. GALAZ, DIRECTOR, HUMAN
RIGHTS DIVISION, of the New Mexico
Department of Labor,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER came on for consideration of Plaintiff's Motion to Remand to State Court *(Doc. 11)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

**Failure of All Defendants to Join in Removal**

The general federal "unanimity" rule requires that all defendants join in or consent to removal. See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). In the present case, Defendant Richard Galaz, Director of the New Mexico Human Rights Division of the Department of Labor, failed to join in the notice of removal. On this basis, Plaintiff contends that removal was improper

and mandates that this Court remand the action in its entirety to the First Judicial District Court for the State of New Mexico.

I find, however, that Defendants have met their burden of showing Director Galaz to be a nominal party whose consent to removal was not required.

> Courts have described nominal parties variously: '[A] party is considered nominal if 'no cause of action or claim for relief is or could be stated against him or on his behalf . . . .'' [quoting from Norman v. Cuomo, 796 F. Supp. 654, 658 (N.D.N.Y. 1992)]. A nominal party has also been described as one that has no interest in the outcome of the litigation other than as a stakeholder or depository. Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986).

Mathews v. County of Freemont, Wyoming, 826 F. Supp. 1315, 1318 (D. Wyo. 1993). Ms. Roybal contends that in his official capacity, Director Galaz made erroneous determinations as to Plaintiff's charges of discrimination filed with the Human Rights Division. In essence, Plaintiff seeks a declaration that Galaz' determinations were incorrect and should be reversed. It does not appear that Ms. Roybal seeks either injunctive or money damages from this defendant.

"The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." Farias v. Bexar Co. Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 872 (5th Cir. 1991). Even Plaintiff's statutory right of appeal pursuant to N.M.S.A. § 28-1-13 does not authorize the Director to be a party on the appeal of determinations made by the Human Rights Division under the Act. Thus, I agree with Defendants that Director Galaz is a nominal party, "being neither necessary nor indispensable to this litigation." See Tri-Cities Newspapers, Inc. v. Tri-Cities P.P.&A. Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970).

Even if he were found to be more than a nominal party, the original notice of removal encompassed those who, in their official capacity, stand in the same position as the State of New Mexico. The official-capacity claim against the State officer is merely another way of pleading an action directly against the public entity. See Hafer v. Melo, 502 U.S. 21, 25 (1991). When the defendant state agencies sought removal, they did so on behalf of Director Galaz in his official capacity as well. See Roberts v. Dillon, 15 F.3d 113, 115 (8th Cir. 1994) (requiring removal consent by both the governmental entity and its official sued in his official capacity would impose a redundancy). Thus, I reject Plaintiff's argument that a defect in the removal notice precludes this Court from exercising jurisdiction.

**Eleventh Amendment Issues**

In addition to state law claims, Plaintiff seeks relief pursuant to the Americans with Disabilities Act and Title VII. Claims "arising under" federal law lie within the original subject matter jurisdiction of federal courts and the case is removable to federal court. See 28 U.S.C. § 1441. In cases involving both federal law and state law claims, state law claims fall within supplemental jurisdiction of federal courts. See 28 U.S.C. § 1367(a).

Plaintiff contends that the State's potential invocation of Eleventh Amendment immunity may bar this Court from hearing some of the state law claims for relief. However, Plaintiff's argument for remand based upon an Eleventh Amendment bar is premature. The Supreme Court recently held that the entire action is removable even though some claims may be subject to the Eleventh Amendment bar. Wisconsin Dep't of Corrections v. Schacht, 522 U.S. ____, 118 S. Ct. 2047 (1998).

> [F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court--prior to the time the defendants filed their answer in federal court.

> See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) ('[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove').

Id. Because the Eleventh Amendment immunity can be waived by the State, this Court retains jurisdiction over a properly removed case and can exercise supplemental jurisdiction over the state law claims until such time as the State raises immunity from suit in a federal forum. Of course, the federal court must then remand or dismiss those state or federal claims which are barred by the Eleventh Amendment. For claims over which jurisdiction is not prohibited by the Eleventh Amendment, this Court may either exercise or decline to exercise its supplemental jurisdiction. See 28 U.S.C. § 1367(c).

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand to State Court *(Doc. 11)* be, and hereby is, **denied.**

DATED this 2nd day of February, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:     Steven G. Farber
                           Santa Fe, New Mexico

Counsel for Defendants:    Joan M. Waters
                           Albuquerque, New Mexico